IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAMELA CARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-3112 |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Plaintiff Pamela Cary seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final administrative decision of the Commissioner of Social Security denying her claims for Supplemental Security Income and Social Security Disability Insurance Benefits.

Cary moves for summary judgment, which is allowed.

Defendant Commissioner of Social Security moves for summary affirmance, which is denied

.

1

# I. BACKGROUND

Plaintiff Pamela Cary's July 2014 application claimed she had been disabled since February 2013 due to major depression, IBS, migraines, fibromyalgia and other conditions. The claims were initially denied.

Following a hearing, Administrative Law Judge Stephan Bell ("the ALJ") found that Cary had severe impairments, including "depression, cognitive disorder, anxiety disorder, post-traumatic stress disorder and borderline personality disorder," resulting in "moderate difficulties" in concentrating, persisting or maintaining pace. Cary states the ALJ's Decision did not specify which of those three aspects was impaired. Moreover, the ALJ described Cary's allegation of limited attention and concentration, but otherwise only briefly negated a finding greater than moderate.

In support of the residual functional capacity ("RFC"), the ALJ afforded great weight to the opinions of state-agency psychological consultants M.W. DiFonso, Psy.D., and Joseph Cools, Ph.D., who both opined that Cary had moderate concentration, persistence or pace limitations, with more specific moderate impairments in maintaining attention and concentration for extended periods, completing a normal workday and workweek without interruptions, and performing at a consistent pace without an unreasonable number and length of rest periods.

In a May 2017, the ALJ denied the claims and found that Cary could have done simple and isolated work since the alleged onset date in February 2013. The Appeals Council denied Cary's request for review.

Cary states that the issues are whether the ALJ erred by failing to include within the hypothetical questions (and RFC finding) a clear limitation reflecting Cary's moderate impairment in concentration, persistence or pace, and whether the error was harmless.

The ALJ presented the vocational expert with a hypothetical question that would later form the RFC finding. The vocational expert opined that such a hypothetical individual could adjust to other work in significant numbers, relying on *The Dictionary of Occupational Titles* ("DOT"). The hypothetical question presented by the ALJ to the vocational expert did not include a concentration, persistence or pace impairment.

Cary alleges the ALJ failed to include within the RFC finding any functional limitation which would account for Cary's moderate concentration, persistence or pace impairment. The ALJ simply limited Cary mentally to "simple, routine tasks" with no more than "simple, work-related decisions" and social restrictions. R. 18. The ALJ found that Cary was not able to perform past relevant work.

At the fifth and final step of the sequential evaluation, the ALJ found Cary was able to adjust to other jobs as described by the vocational expert, each according to and consistent with the DOT.

Cary claims that if the ALJ had properly included within the RFC finding a detailed description of her moderate concentration, persistence or pace limitation, there is no reason to assume the vocational expert would have identified available jobs. Moreover, DOT does not describe jobs in terms of required concentration, persistence or pace; therefore, the ALJ's error is not harmless because there was no basis for a step-five finding of jobs available to Cary in significant numbers. The vocational expert testified that a limit to "off task 15 percent" would preclude competitive employment.

The Commissioner claims that Cary had normal attention on numerous exams during the period at issue. Cary admitted to treatment providers from January 2013 to May 2014 that she could read 100 pages at once, bargain on eBay, cross-stitch, drive, play memory games on the computer and operate a craft booth. Additionally, two psychological experts opined that Cary could concentrate adequately on tasks more complex than simple tasks. The Commissioner asserts the ALJ identified abundant evidence of adequate concentration and thus reasonably found no further limitation on her mental functioning.

## II. DISCUSSION

### (A)

A claimant establishes disability by showing an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A disability is to be determined through application of a five-step sequential analysis: (i) substantial gainful activity; (ii) severe impairment; (iii) meeting or equaling a listing; (iv) ability to return to past relevant work; and (v) adjustment to other work in significant numbers." 20 C.F.R. § 404.1520(a)(4).

When, as here, the Appeals Council denies review, the ALJ's decision stands as the final decision of the Commissioner. *See Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). The Act specifies that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Yurt v. Colvin*, 758 F.3d 850, 856 (7th Cir. 2014) (citations omitted). Although the task of a court is not to re-weigh evidence or substitute its judgment for that of the ALJ, the ALJ's decision "must provide enough discussion for [the Court] to afford [the Plaintiff] meaningful judicial review and assess the validity of the agency's

ultimate conclusion." *Id*. at 856-57. The ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted).

(B)

The hypothetical posed by the ALJ to the vocational expert asked, *inter alia*, whether an individual who "is limited to simple routine tasks and simple work-related decisions, and they could have occasional interaction with supervisors and coworkers, and no interaction with the public" could perform any work. The vocational expert found that, although Cary could not perform her past work, jobs did exist in the national economy for her.

A hypothetical posed by an ALJ to a vocational expert must incorporate all of the claimant's limitations which are supported by the medical record. *See Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015). This includes moderate limitations in concentration, persistence and pace. *See id*. "An ALJ need not use 'specific terminology,' but we have repeatedly rejected the notion that a hypothetical confining the claimant to simple, routine tasks and limited interaction with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *DeCamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019).

6

A vocational expert must be aware of each of the claimant's limitations so that she can exclude any jobs that the claimant would be unable to perform. *See Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019). The best way to do this is by listing any specific limitations in the hypothetical. *See id*. "[O]bserving that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift." *Id*.

In *Dudley v. Berryhill*, 773 F. App'x 838 (7th Cir. 2019), the Seventh Circuit found that "[a]lthough the ALJ did not explicitly include [the claimant's] moderate limitations in concentration, persistence, and pace in the hypothetical, he did adequately account for these limitations." *Id*. at 842. The court found that the ALJ adequately addressed the claimant's limitations—the greatest of which were stress- and panic- related—by limiting her to "simple, routine and repetitive tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment." *Id*. This served to exclude "work above an average pace, at a variable pace, or in crowded, hectic environments, and by limiting her interactions with the public, supervisors, and co-workers." *Id*. The limitation to "work requiring the exercise of only simple judgment" accounted for the claimant's concentration difficulties.

Cary notes that while Drs. DiFonso and Cools opined that Cary had concentration, persistence and pace limitations with moderate impairment in maintaining attention and concentration for extended periods in completing a normal workday and workweek without interruptions and in performing at a consistent pace without an unreasonable number and length of rest periods, the ALJ's RFC included no such restrictions. The ALJ found Cary to have an RFC with physical restrictions and mental limits to "simple, routine tasks" with no more than "simple work-related decisions" and social restrictions providing that she could "tolerate occasional interaction with supervisors and coworkers, but no contact with the general public." Cary asserts the social restrictions are unrelated to those described by the state-agency experts or to concentration, persistence and pace.

The Commissioner notes that two state-agency psychological experts opined that Cary could concentrate adequately on more complex tasks than described in the RFC finding. Moreover, the ALJ's labeling of Cary's concentration problems as "moderate" at step three did not invalidate the RFC finding. The Commissioner further claims that, in light of the abundant evidence of adequate concentration, the ALJ did not need to address specifically the unexplained worksheet notations that preceded the state-agency psychologists' narrative opinions.

Cary further alleges that, in addition to a general moderate restriction on Cary maintaining and concentrating for "extending periods," both doctors described Cary as having impairment in maintaining a normal workday and workweek. Both doctors provided additional explanations but did not clarify or refine the moderate limits on attention and concentration for extended periods and in maintaining normal attendance.

Cary points to medical records which support limits on concentration, persistence and pace. In December 2013, she was hospitalized for seven days for suicidal ideation. She reported "sluggishness and fatigue" with "difficulty concentrating."

The Commissioner claims the ALJ listed evidence suggesting that Cary concentrated well enough to do simple, routine and repetitive tasks with routine breaks, occasional interaction with coworkers and no contact with the public. The ALJ noted that Cary's exams showed she had adequate abilities to concentrate and focus. Moreover, Cary told the agency and/or treatment providers she was able to read 100 pages before losing focus, sell items on eBay, operate a craft booth, use social media and play computer games. The ALJ also observed that in December 2013, Cary had the memory and concentration abilities to significantly recount her work, personal and/or medical history. The ALJ noted that Cary's treatment providers throughout 2014 observed that Cary showed normal concentration and

attention span. The ALJ found that the activities described by Cary required an ability to concentrate beyond that which she alleged.

The ALJ's RFC did not specifically include limitations that coincided with the worksheets relating to the state agency psychologists' narrative opinions. Among other things, the worksheets noted moderately limited ability to carry out detailed instructions, moderately limited ability to maintain attention and concentration for extended periods, and moderately limited ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods.

In *DeCamp*, the Commissioner claimed that the ALJ adequately accounted for the claimant's limitations in her RFC determination and in the hypothetical to the vocational expert by relying in part on the state agency doctors' narrative explanations. 916 F.3d at 676. The Seventh Circuit found that, "even if an ALJ may rely on a narrative explanation, the ALJ still must adequately account for limitations identified elsewhere in the record, including specific questions raised in check-box sections of standardized forms such as the PRT and MRFC forms." *Id*. Otherwise, the vocational expert cannot properly evaluate all of a claimant's impairments, including those in concentration, persistence and pace. *See id*.

The Court recognizes some evidence suggests Cary's abilities to concentrate and focus did not appear to be significantly limited. However, the hypothetical posed to the vocational expert did not adequately account for Cary's limitations listed on the standardized worksheets. Because the hypothetical did not account for an individual with a moderately limited ability to carry out detailed instructions, moderately limited ability to maintain attention and concentration for extended periods and moderately limited ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, the vocational expert did not have an adequate basis to evaluate all of Cary's impairments, including those in concentration, persistence and pace. *See e.g.*, *DeCamp*, 916 F.3d at 676.

Because the Court is unable to determine whether the vocational expert would have identified other work if the ALJ's hypothetical accounted for impairments in concentration, persistence and pace, the ALJ's error was not harmless. Accordingly, the Court will deny the Commissioner's motion for summary affirmance and grant the Plaintiff's motion for summary judgment, while remanding the action for further proceedings.

Ergo, the Motion of Plaintiff Pamela Cary for Summary Judgment [d/e 12] is GRANTED.

11

The Defendant's Motion for Summary Judgment [d/e 16] is DENIED.

Pursuant to the fourth sentence of 42 U.S.C. § 405(g), a Judgment will be entered reversing the Decision of the Commissioner of Social Security and remanding the case for a rehearing and new Decision.

The Clerk is directed to substitute Andrew Saul, Commissioner of Social Security, as the Defendant and is further directed to close this case.

ENTER: February 13, 2020

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge