IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PAMELA CARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-3112 |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

In an Opinion and Order entered on February 14, 2020, the Court granted Plaintiff Pamela Cary's motion for summary judgment and denied the motion of the Defendant Commissioner of Social Security. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Decision of the Commissioner was reversed and the cause remanded for a rehearing and new decision.

Pending is the Commissioner's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e).

Like Rule 60, Rule 59(e) is "reserved for extraordinary cases." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 521 (7th Cir. 2015). "The purpose of Federal Rule of Civil Procedure 59(e) is

1

to allow a party to bring to the district court's attention a manifest error of fact or law so that it may correct, or at least address, the error in the first instance." *A&C Construction & Installation, Co. WLL v. Zurich American Insurance Co.*, ___ F.3d ___, 2020 WL 3527303, at *4 (7th Cir. June 30, 2020). The rule does not permit a "party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id*.

In its previous Order, the Court recognized there was some conflicting evidence regarding the extent of any limits to Cary's concentration and focus. The Court noted that the ALJ found Cary to have a residual functional capacity with physical restrictions and mental limits to "simple, routine tasks" with no more than "simple work-related decisions" and social restrictions providing that she could "tolerate occasional interaction with supervisors and coworkers, but no contact with the general public."

The Court's Order referenced the hypothetical posed by the ALJ to the vocational expert asking, *inter alia*, whether an individual who "is limited to simple routine tasks and simple work-related decisions, and they could have occasional interaction with supervisors and coworkers, and no interaction with the public" could perform any work. The Court noted the vocational expert found that, while Cary could not perform her past work, jobs did exist in the national economy for her.

The Court found as follows:

> [T]he hypothetical posed to the vocational expert did not adequately account for Cary's limitations listed on the standardized worksheets. Because the hypothetical did not account for an individual with a moderately limited ability to carry out detailed instructions, moderately limited ability to maintain attention and concentration for extended periods and moderately limited ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, the vocational expert did not have an adequate basis to evaluate all of Cary's impairments, including those in concentration, persistence and pace. *See e.g.*, *DeCamp*, 916 F.3d at 676.

Doc. No. 18, at 11. Because it could not determine whether the vocational expert would have identified other work if the ALJ's hypothetical accounted for impairments in concentration, persistence and pace, the Court concluded that the ALJ's error was not harmless.

The Court recognized that this was a close case. In its motion, the Commissioner notes that several Seventh Circuit opinions since April 2019 have deemphasized the importance of the worksheet and highlighted the importance of the psychological experts' narrative opinions. However, almost all of the cases cited by the Commissioner were decided before this Court's February 14, 2020 Order.

The Commissioner could have sought leave to respond to Cary's motion or file a notice of supplemental authority if it believed that a Seventh Circuit case decided after the Commissioner's summary judgment motion controlled the

3

outcome of this case. Because the evidence could have previously been presented, the Court concludes that this is not an "extraordinary case" wherein relief under Rule 59(e) is warranted.

Ergo, the Defendant's motion to alter or amend judgment [d/e 21] is DENIED.

ENTER: July 2, 2020

                FOR THE COURT:

                              /s/ *Richard Mills*
                              Richard Mills
                              United States District Judge